**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| MARIO GENARO GOMEZ-SEVILLA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Case No. 9:26-cv-700-JDK |
| | § | |
| WARDEN, IAH SECURE ADULT DETENTION FACILITY, | § | |
| | § | |
| | § | |
| Respondent. | § | |

**ORDER DENYING RELIEF FROM FINAL JUDGMENT**

The Court denied relief in this habeas case on September 8, 2026. Docket No. 4. Now before the Court is Petitioner's "Response to Order Denying Petition and Request for Reconsideration of Immediate Release," Docket No. 5, which the Court construes to be a motion for relief from judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and "Emergency Motion for Temporary Restraining Order and Immediate Release," Docket No. 6.

The United States Supreme Court described the purpose of Rule 59(e) as follows:

> Rule 59(e) was added to the Federal Rules of Civil Procedure in 1946. Its draftsmen had a clear and narrow aim. According to the accompanying Advisory Committee Report, the Rule was adopted to "mak[e] clear that the district court possesses the power" to rectify its own mistakes in the period immediately following entry of judgment. . . . Consistent with this original understanding, the federal courts have invoked Rule 59(e) only to support reconsiderations of matters properly encompassed in a decision on the merits.

*White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450–51 (1982) (citations omitted). Furthermore, "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted).

The Fifth Circuit has observed that a Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citation and internal quotations omitted). A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir.) (citation omitted), *cert. denied*, 543 U.S. 976 (2004), or to rehash arguments that have already been raised before a court, *Naquin v. Elevating Boats, L.L.C.*, 817 F.3d 235, 240 n.4 (5th Cir. 2016); *Winding v. Grimes*, 405 F. App'x 935, 937 (5th Cir. 2010).

Moreover, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citations omitted). The decision to alter or amend a judgment is committed to the sound discretion of the district judge and will not be overturned absent an abuse of discretion. *S. Contractors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 & n.18 (5th Cir. 1993).

The Court is not persuaded by Petitioner's submission that it committed any error in denying relief in this case. Petitioner continues in effect to argue that he is

entitled to relief on the basis of his Fifth Amendment challenge to his detainment. Docket No. 5 at 2–5. But the Court properly rejected that argument in its order denying Petitioner habeas relief. Docket No. 3 at 2–3 (denying habeas relief on the basis of the precedential stay order issued in *Sosnava Rodriguez v. Ortega*, 183 F.4th 387, 388 (5th Cir. 2026) (mem.) (en banc), as well as the absence of procedural and substantive due process violations). To the extent that Petitioner raises a statutory argument for relief under 8 U.S.C. § 1225(b)(2)(A), the Court properly rejected this argument as well. *Id.* at 1 ("[T]he argument is foreclosed by *Buenrostro-Mendez v. Bondi*, which held that § 1225(b)(2)(A) mandates the detention without bond of unadmitted aliens like Petitioner for the duration of their removal proceedings.").

Petitioner has failed to establish any basis for the extraordinary relief he now seeks. Petitioner's motion for relief from judgment (Docket No. 5) is **DENIED**. Because jurists of reason could not disagree with the denial of this motion, a Certificate of Appealability is also **DENIED**. Petitioner's motion for a temporary restraining order and immediate release (Docket No. 6) pending the Court's resolution of Petitioner's motion for relief from judgment is **DENIED AS MOOT**.

So **ORDERED** and **SIGNED** this **23rd** day of **September, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE